IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAHAMMAD TAPADAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:15-cv-626-TFM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE, Retailer | ) | |
| Operations Division, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

**I. PROCEDURAL HISTORY**

On August 28, 2015, Plaintiff Mahammad Tapadar filed a complaint, in which he challenges an administrative decision entered by the United States Department of Agriculture, Retailer Operations Division ("Defendant"). Doc. 1. On November 10, 2015, Defendant filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Doc. 7. This court subsequently ordered Plaintiff to file a response to the Motion on or before December 23, 2015. Doc. 10. The court, however, did not receive a response from Plaintiff. Consequently, the court ordered Plaintiff to show cause why he failed to file a response to the Motion to Dismiss in compliance with this court's order. Doc. 14.

On February 4, 2016, Plaintiff filed a Response, in which he indicates that he did not file a response due to computer problems. Doc. 15. The court finds good cause for

1

the delay in filing a response to the Motion to Dismiss. Plaintiff also concedes that the Motion to Dismiss is due to be granted because Mr. Tapadar "has failed to keep adequate records so that proceeding with the instant action will be fruitless." *Id.*, p. 2.

The parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1. Now pending before the court is Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Doc. 7. Upon consideration of the Motion and Plaintiff's Response, the court concludes that the Motion to Dismiss is due to be GRANTED.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) Motion tests the legal sufficiency of the complaint. Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of

plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true."

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations; it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to

dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.  DISCUSSION

The Complaint contains facts indicating that, beginning on or around May 13, 2015, Plaintiff was investigated by the Department of Agriculture for violating the terms and conditions of CFR 270-282.  Pl's Br. 2.  Plaintiff indicates that he filed an administrative appeal and that he received a final agency decision on July 30, 2015.  He maintains that he was unable to challenge the findings of the investigation and that the "investigation is inaccurate." *Id*.

Defendant argues that Plaintiff fails to state a claim upon which relief may be granted because the Complaint includes "virtually no well-pleaded factual allegations" and "does not allege what action the agency took, provide a citation to the administrative case, or provide plaintiff's grounds for challenging the agency's actions."  Doc. 7.  Plaintiff concedes that he failed to keep adequate records and that the Motion to Dismiss is due to be granted.  Doc. 15, p. 2.  Consequently, Plaintiff is unable to plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, *supra*.  In addition, the court is unable to discern the specific grounds for challenging Defendant's actions against Plaintiff.  The court has reviewed the Complaint, the undisputed Motion to Dismiss, and the Plaintiff's Response, and concludes that Plaintiff fails to state a claim upon which relief can be granted.

## IV.   CONCLUSION

Accordingly, it is ORDERED that the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be and is hereby GRANTED.

Done this 11th day of February, 2016.

>/s/ Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES MAGISTRATE JUDGE